

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2006

# USA v. Mejia

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2182

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Mejia" (2006). *2006 Decisions.* Paper 1400.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1400

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2182

UNITED STATES OF AMERICA

v.

WILDEN MEJIA,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 04-00640)
Honorable Joseph H. Rodriguez, District Judge

Submitted under Third Circuit LAR 34.1(a)
March 6, 2006

BEFORE: ROTH and GREENBERG, Circuit Judges, and
BUCKWALTER, District Judge*

(Filed March 22, 2006)

OPINION OF THE COURT

*Honorable Ronald L. Buckwalter, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

GREENBERG, Circuit Judge.

Wilden Mejia appeals from a judgment of sentence and conviction entered April 15, 2005, following his conviction at a nonjury trial for illegal reentry by a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Mejia to a 63-month custodial term to be followed by a three-year term of supervised release. The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). See United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006).

The circumstances of the case are as follows. Mejia, a citizen of the Dominican Republic, came to the United States as a teenager. In 1998 he pleaded guilty in a New York state court to criminal sale of a controlled substance, cocaine, and to bail jumping. The court sentenced him to a one- to three-year term of imprisonment on the drug offense and to a concurrent three-year term for bail jumping. After the state authorities released him upon completion of his term of imprisonment, the INS removed him to the Dominican Republic. Subsequently, however, he reentered the United States illegally without the required permission of the Attorney General. Thereafter, New Jersey authorities arrested him on drug charges which eventually culminated when a state court imposed a three-year custodial term on him.

Following Mejia's New Jersey arrest, a federal grand jury indicted him on the charge involved here. The critical issue in this case is whether his New York conviction qualified as an aggravated felony as defined in 8 U.S.C. § 1101(a)(43) so as to make 8

2

U.S.C. § 1326(b)(2), with its enhanced penalty provision, applicable. Mejia, though not disputing that he had been convicted on the New York state charges and that thereafter the INS removed him to the Dominican Republic nor that he later illegally reentered this country, sought a jury trial on the question of whether that conviction was for an aggravated felony. After the district court indicated that it did not regard the question as raising a jury issue, Mejia consented to a nonjury trial and stipulated to the germane historical facts. Nevertheless he preserved his right to appeal from the denial of a jury trial on the issue of whether his New York conviction was for an aggravated felony. At the nonjury trial the district court convicted Mejia under 8 U.S.C. §§ 1326(a) and (b)(2) as it found that he had been convicted in New York for commission of an aggravated felony.

At the sentencing hearing the district court determined that Mejia's total offense level was 22 and his criminal history category was IV, a determination that led to a guidelines range of 63-78 months. The court, in calculating the offense level, granted Mejia a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) but refused to grant him an additional 1-level reduction under U.S.S.G. 3E1.1(b)(2) because the court believed that Mejia had engaged in litigious activity and had waited too long to agree to a stipulated trial. Thus, Mejia did not give timely notice of his intention to narrow the issues at the trial, a delay that required the government to prepare for trial. In seeking this additional 1-level reduction Mejia did not have the government's support.

On this appeal Mejia raises the following issues:

3

(1) Whether the district court violated [his] Sixth Amendment rights in applying the enhanced sentencing provisions of 8 U.S.C. § 1326(b)(2), for removal subsequent to sustaining an aggravated felony, based on defendant's 1998 New York state drug conviction, where the aggravated nature of that felony was never submitted to a jury for a finding beyond a reasonable doubt?

(2) Whether the district court misapplied U.S.S.G. § 3E1.1 when it failed to award [him an additional 1-level reduction] for acceptance of responsibility where [he] admitted each element of the illegal re-entry statute, 8 U.S.C. § 1326(a), but pursued a stipulated fact trial solely to preserve a constitutional challenge to the enhanced sentencing provisions of 8 U.S.C. § 1326(b)(2)?

(3) Whether the district court erred in refusing to grant [his] request for a sentencing adjustment because it erroneously concluded that it was bound by the policy statement in U.S.S.G. § 5G1.3(a) to impose a consecutive sentence?

(4) Whether the district court's sentence of 63 months imprisonment and three years supervised release was unreasonable for [his] crime of illegal reentry where the district court committed legal error by giving undue weight to the advisory sentencing guidelines and failing to analyze the guideline range in the context of determining what sentence was 'sufficient, but not greater than necessary' to achieve the purposes of sentencing?

Appellant's br. at 1-3. It is telling that Mejia does not argue that the district court erred in its conclusion that he had been convicted in New York for an aggravated felony.[1] We reject all of Mejia's contentions.

The imprisonment sentence for a violation of 8 U.S.C. § 1326(a) is for up to two years, but under 8 U.S.C. § 1326(b)(2), if the defendant had been removed "subsequent to a conviction for commission of an aggravated felony" the term of imprisonment can be up

_____

[1]Clearly the court's conclusion was correct.

4

to 20 years.  Mejia was willing to plead guilty to a violation of section 1326(a) but would not plead guilty to a violation of section 1362(b)(2), though he did agree to a bench trial on a stipulated set of facts on that charge after the district court rejected his demand for a jury trial.  We need not linger on this point for under Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998), the district court reached the correct result when considering the jury trial issue.  While Mejia makes an elaborate argument why Almendarez-Torres is no longer good law, we are bound to follow that case as the Supreme Court has not overruled it.  United States v. Ordaz, 398 F.3d 236, 241 (3d Cir. 2005).

The district court did not misapply U.S.S.G. § 3E1.1 when it refused to award Mejia an additional 1-level reduction in his sentencing level for acceptance of responsibility.  On this point we exercise plenary review over the court's interpretation and application of the guidelines but review its factual determinations for clear error.  See United States v. Helbling, 209 F.3d 226, 242-43 (3d Cir. 2000).  The court refused to award the additional 1-level reduction because it found that Mejia's litigation activity was so extensive that it would exercise its discretion to deny it.  U.S.S.G § 3E1.1(b)(2) allows an additional 1-level reduction if the defendant timely notifies the court and the prosecution of his intentions so as to permit "the government to avoid preparing for trial and [permits] the government and the court to allocate their resources efficiently."  Exercising the appropriate standards of review we cannot say that the court erred either as a matter of law or fact in not allowing this additional 1-level offense level reduction.

5

In reaching our conclusion on the acceptance of responsibility issue we have not overlooked the government's argument that under the November 2004 guidelines manual, which it asserts should have been used in this case, but was not used on the U.S.S.G. 3E1.1(b)(2) issue, that the court could not have granted Mejia the additional 1-level reduction for acceptance of responsibility when sentencing him on April 13, 2005, without a motion from the government asking it to do so. Here, of course, the government did not make such a motion but it does acknowledge that until April 30, 2003, the effective date of the PROTECT Act, Pub. L. No. 108-21, § 401(b)(4), 117 Stat. 650 (2003), the court could have granted the additional 1-level reduction even without such a motion.

Rather than overlooking the government's argument, we decline to address it because the government conceded, mistakenly it now contends, in the district court that the imposition of a requirement for the government to make a motion for the 1-level additional reduction in the sentencing level under U.S.S.G. § 3E1.1(b)(2) would have raised <u>ex</u> <u>post</u> <u>facto</u> problems. In these circumstances the district court considered the 1-level acceptance of responsibility argument on the merits even in the absence of a government motion that it do so, and, inasmuch as we see no basis to disturb this determination on the point, we have no need to address the question of whether the court was obliged to deny the 1-level reduction because the government did not seek it.

We have considered Mejia's remaining arguments but reject them as being without merit.

6

The judgment of conviction and sentence entered April 15, 2005, will be affirmed.